**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

| | |
|---|---|
| VIRGINIA GAROFALO, | TAX COURT OF NEW JERSEY |
| | DOCKET NO.: 010403-2019 |
| Plaintiff, | |
| v. | |
| TOWNSHIP OF ROXBURY, | |
| Defendant. | |

Date: February 27, 2020

Virginia Garofalo, plaintiff (self-represented party)

Robert Rossmeissl for defendant (Dorsey & Semrau, LLC)

BIANCO, J.T.C.

This case involves a 2019 local property tax appeal brought by plaintiff, Virginia Garofalo ("Ms. Garofalo"), on her residential property located at 24 Jill Terrace, Succasunna, New Jersey in defendant, Roxbury Township ("Roxbury"), and designated by the taxing district as Block 1104, Lot 3 ("the Subject Property"). The Morris County Board of Taxation ("Board"), dismissed the case and affirmed the original assessment; that decision was timely appealed by Ms. Garofalo to the Tax Court. Because Ms. Garofalo failed to overcome the presumption of correctness of the Board's decision, the case is dismissed and the original assessment is affirmed. The court's reasoning is set forth below.

**Procedural History/Factual Background**

In 2018, the Subject Property was assessed at $261,400. Following a municipality-wide revaluation, the Subject Property was assessed in 2019 at $469,500. Its total local property tax in

1

2018 was $11,266.34. According to Ms. Garofalo, the 2019 assessment increase resulted in a corresponding tax increase of about $400.[1]

On June 4, 2019, Ms. Garofalo appealed to the Board arguing that the assessment was erroneous because it was greater than the Subject Property's alleged $369,900 market value. She supported her argument with a list of alleged comparable sales from Garden State Multiple Listing Service ("GSMLS") printed on April 15, 2019. Ms. Garofalo claimed that the sold properties were comparable to her home, one without any upgrades and two with upgrades. The properties were respectively sold in 2018 for $375,000, $420,000, and $422,500. Ms. Garofalo asserted that the Subject Property was most comparable to the property that sold for $375,000,[2] but she did not present any other evidence of value. The Board affirmed the assessment under judgment code 2B, finding that Ms. Garofalo failed to overcome the presumption of correctness. On July 5, 2019, Ms. Garofalo timely appealed the Board's decision to the Tax Court.

On November 6, 2019, the court held a telephone conference on the record with Ms. Garofalo and Robert Rossmeissl ("Mr. Rossmeissl"), attorney for Roxbury. During this call, Mr. Rossmeissl informed the court that Ms. Garofalo had not allowed Roxbury to inspect her home and had not cooperated in settlement negotiations. Ms. Garofalo responded that she was unwilling

---

[1] Ms. Garofalo has not provided a tax bill to support this claim. Furthermore, she indicated in a letter dated Oct. 30, 2019 that she withheld $427.81 in taxes. This has not been confirmed, and she seems to contradict herself later in the same letter. The court notes that in its review of a judgment, action or determination of the Board, "[a]t the time [the] complaint has been filed with the Tax Court . . . all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid." N.J.S.A. 54:51A-1(b). In the present matter, no motion to dismiss for failure to pay taxes has been filed by Roxbury; and, to the court's knowledge, no similar motion was filed before the Board pursuant to N.J.S.A. 54:3-27.

[2] Ms. Garofalo bases the Subject Property's estimated $369,900 market value on the list price, not the sale price, of this comparable.

to compromise with Roxbury and continued to refuse its inspection request. She refused to appear before the court in-person and requested a ruling on the papers. [3] The court gave Roxbury thirty days to decide whether to consent or object to such a ruling. On November 26, 2019, Ms. Garofalo, unhappy with the status of her appeal, reaffirmed in a letter to the court that she would not appear in-person and accused the court and Roxbury of perpetuating fraud and "covering each other's backs for financial gain." By email on December 4, 2019, Mr. Rossmeissl confirmed Roxbury's consent to a ruling on the papers.

## Applicable Law

The court's review of the Board's judgment is de novo. N.J.S.A. 2B:13-3(b). Municipal assessors are tasked with ensuring that "all real property be assessed at true value, which is defined as the value the property would bring at a fair, bona fide, and uncoerced private sale." Pantasote Co. v. City of Passaic, 100 N.J. 408, 412 (1985); N.J.S.A. 54:4-23. "Original assessments and judgments of county boards of taxation are entitled to a presumption of validity." MSGW Real Estate Fund, LLC v. Borough of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998). This presumption "stands, until sufficient competent evidence to the contrary is adduced." Little Egg Harbor Twp. v. Bonsangue, 316 N.J. Super. 271, 285-86 (App. Div. 1998). Furthermore, "the presumption is not simply an evidentiary presumption serving only as a mechanism to allocate the burden of proof. It is, rather, a construct that expresses the view that in tax matters it is to be presumed that governmental authority has been exercised correctly and in accordance with law." Pantasote Co., 100 N.J. at 413. The evidence required to overcome this presumption must be "definite, positive and certain in quality and quantity . . . ." Aetna Life Ins. Co. v. City of Newark,

---

[3] "A party may at any time upon notice to all other parties move the submission of a case for decision without trial, on the grounds that sufficient facts have been admitted, stipulated, established by depositions, or otherwise included in the record." R. 8:8-1(b).

3

10 N.J. 99, 105 (1952). Specifically, the taxpayer's evidence must "establish a true valuation of the property at variance with the assessment." Ibid.

The Tax Court recognizes multiple approaches to property valuations, with no one approach being dispositive. VBV Realty, LLC v. Twp. of Scotch Plains, 29 N.J. Tax 548, 558-59 (Tax 2017). Residential properties are appropriately valued under the sales comparison approach. Greenblatt v. City of Englewood, 26 N.J. Tax 41, 53 (Tax 2010). The sales comparison approach is a valuation method that analyzes "closed sales, listings, or pending sales of properties that are similar to the subject property." Appraisal Institute, The Appraisal of Real Estate, 377 (14th ed. 2013). Part of this analysis is to ensure that the sale represents market value. Ibid. To that end:

> Whether a sales transaction can be considered a reliable indicator of fair market value depends on an analysis of the following criteria: (i) whether the buyer or the seller were unusually motivated, (ii) whether the buyer and seller were well-advised and acting prudently, (iii) the length of time that the property was exposed to an open and competitive marketplace, (iv) whether the purchase price was paid in cash, and (v) whether the purchase price was affected by special or creative financing.
>
> [VBV Realty, LLC, 29 N.J. Tax at 562.]

To make such determinations, "[a]ll raw data obtained from a general source (e.g., assessors' records, data services) will need further research and verification with a party to the transaction." The Appraisal of Real Estate, at 383.

**Analysis**

Ms. Garofalo's proofs have failed to overcome the presumption of correctness attached to the Board's judgment dismissing the complaint and affirming the original assessment of the Subject Property. Her core argument is that the Subject Property's 2019 assessment of $469,500 is higher than her home's alleged true market value of $369,900. The only evidence that Ms. Garofalo provided to support this value claim is an April 15, 2019 GSMLS internet print-out of

three residential property sales from 2018, the very same alleged comparable sales she previously supplied to the Board. The one alleged comparable which Ms. Garofalo believes is the most similar to the Subject Property was listed for $369,900 and sold for $375,000. This property, she claims, was in similar condition to the Subject Property given that it "needs updating." Ms. Garofalo has not verified that any of these sales were arms-length transactions, nor has she provided other details or evidence to show that these sales represent market value. Ms. Garofalo has not hired an expert real estate appraiser, nor has she offered herself as an expert real estate appraiser. Furthermore, she has denied Roxbury's requests to inspect her property. Ms. Garofalo also claims that the three alleged comparable properties are the same model as the Subject Property. While she includes a detailed description of each property's interior, exterior, room dimensions, and utilities, she has not provided this same information or even a property record card for the Subject Property. Accordingly, the court is unable to independently verify whether these properties are reliable market comparisons for valuing the Subject Property.

Essentially, Ms. Garofalo's reasoning for challenging her local property tax assessment rests with cursory, unadjusted comparisons to other property sales in her neighborhood, and her personal belief that Roxbury is unfairly raising taxes. She won't cooperate with Roxbury to allow for an inspection of the Subject Property, and she refuses to come to court to argue her case and present her evidence. Furthermore, by her own words, she has cast doubt as to whether the current year taxes on the Subject Property were paid in full when the complaint was filed.

**Conclusion**

The evidence Ms. Garofalo provided the court to decide her property tax appeal on the papers is simply not enough to overcome the presumption of correctness afforded to the Board's decision. Accordingly, the Board's decision affirming the original assessment of the Subject

5

Property is affirmed and the complaint is dismissed.  The Tax Court Clerk/Administrator shall issue judgments consistent with this opinion.